UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:15-CR-00119-EJL |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| ANTHONY ISH, | |
| Defendant. | |

## INTRODUCTION

Pending before the Court are Motions by both defense counsel and the Defendant seeking withdraw/removal of defense counsel and appointment new counsel in this matter. (Dkt. 168, 169.) Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motions are decided on the record before this Court without oral argument.

## STANDARD OF LAW

A trial court's decision to release counsel is an exercise of its discretion. *United States v. Williams*, 717 F.2d 473 (9th Cir. 1983) (citing *Glavin v. United States*, 396 F.2d 725, 726 (9th Cir. 1968)). The Court "may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings." 18 U.S.C. § 3006A(c).

Where an indigent defendant requests new court-appointed counsel in place of an existing appointed attorney, this Court considers the timeliness of the motion and the extent of resulting inconvenience or delay; make an adequate inquiry into the defendant's complaint; and determine whether the conflict between the defendant and his attorney is so great that it prevents an adequate defense. *United States v. Rivera-Corona*, 618 F.3d 976, 978 (9th Cir. 2010) (citing *United States v. Mendez-Sanchez*, 563 F.3d 935, 942 (9th Cir. 2009)). The purpose of this inquiry is to determine the extent of the conflict between the defendant and his appointed counsel and whether that conflict is such that it impedes the defendant's Sixth Amendment right to effective and adequate representation. *Id.* (distinguishing between an indigent's right to appointed counsel and a defendant's right to retained counsel of his choice).

**DISCUSSION**

Defendant, Anthony Ish, was charged with Second Degree Murder and Assault with a Dangerous Weapon. (Dkt. 24.) The charges related to events occurring in the late evening of October 14, 2014 and/or the early morning hours of October 15, 2014 on the Fort Hall Shoshone Bannock Indian Reservation where the Defendant was alleged to have shot and killed Darrel Auck. On February 14, 2017, following a six day trial, the Jury returned verdicts of guilty on both counts. (Dkt. 142, 148.) Defendant's sentencing was set for May 10, 2017.

The defense filed a Motion for a Judgment of Acquittal and a Motion for a New Trial. (Dkt. 152, 160.) The sentencing hearing was vacated so the Motions could be fully briefed. The Court has ruled on those Motions and all that remains in this case is the

sentencing hearing. (Dkt. 170.) Defense counsel, who represented the Defendant through the trial, has filed the instant Motion to Withdraw stating a breakdown in communication exists between counsel and the Defendant which is irreparable. (Dkt. 169.) Defendant has separately filed a *pro se* Motion for Removal of Counsel and Appointment of New Counsel arguing his current counsel is ineffective for failing to amend the post-trial Motions, violated Defendant's right to discovery, is working with the Government, and is witness to perjury at Defendant's trial. (Dkt. 168.)

Having reviewed the Motions and entire record in this matter, the Court finds good cause has not been shown to allow defense counsel to withdraw. Although the sentencing hearing was vacated pending resolution of the post-trial motions, appointing new counsel at this stage of the case would likely require a continuance given the nature of the charges, the record, and the fact that the case has already proceeded to trial. *See United States v. Smith*, 282 F.3d 758, 763 (9th Cir. 2002).

The Court's inquiry into the nature and extent of any conflict making up the basis for the Motions finds no irreconcilable breakdown in the attorney-client relationship has been shown such that it impedes upon the Defendant's Sixth Amendment right to effective and adequate representation. "Not every conflict or disagreement between the defendant and counsel implicates Sixth Amendment rights." *Schell v. Witek*, 218 F.3d 1017, 1027 (9th Cir. 2000) (en banc) (citing *Morris v. Slappy*, 461 U.S. 1, 13-14 (1983)). The Sixth Amendment does not require or guarantee, implicitly or otherwise, that an attorney-client relationship be "meaningful" or free of discord. *Morris*, 461 U.S. at 13-14; *see also Plumlee v. Masto*, 512 F.3d 1204, 1211 (9th Cir. 2008) (en banc) (the Sixth Amendment is

not violated where a defendant is represented by a lawyer free of actual conflicts of interest, but with whom the defendant refuses to cooperate because of dislike or distrust.). Rather, an asserted conflict crosses the constitutional threshold "only where there is a complete breakdown in communication between the attorney and client, and the breakdown prevents effective assistance of counsel." *Stenson v. Lambert*, 504 F.3d 873, 886 (9th Cir. 2007) (citing *Schell*, 218 F.3d at 1026); *Daniels v. Woodford*, 428 F.3d 1181, 1197 (9th Cir. 2005) (The nature and extent of the conflict must be such as to "depriv[e] the defendant of representation guaranteed by the Sixth Amendment.").

The Defendant and defense counsel in this case have not demonstrated that "an extensive, irreconcilable conflict" exists but, instead, show only that the justifications for the Motions arises out of the Defendant's "general unreasonableness or manufactured discontent." *Smith*, 282 F.3d at 764. The Defendant primarily faults his attorney for failing to amend the post-trial motions to include allegations of perjury. (Dkt. 168.) Those allegations are unsubstantiated, unconfirmed, and do not warrant granting either of the post-trial motions and, therefore, do not justify allowing counsel to withdraw at this stage of the case. Moreover, conflicts over "defense tactics" and "litigation strategy" are not generally the type of conflicts that warrant substitution of counsel as those matters are generally left to defense counsel's discretion. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009) (quoting *United States v. McKenna*, 327 F.3d 830, 844 (9th Cir. 2003) ("A conflict that is based solely on 'disputes regarding trial tactics' generally is not the type of conflict that warrants substitution of counsel.")); *United States v. Franklin*, 321 F.3d 1231, 1239 (9th Cir. 2003). The Defendant's disagreement with his counsel's decision regarding

what arguments to raise in the post-trial motions and whether to amend those motions does

not rise to the level of an irreconcilable conflict, particularly given the fact that the perjury

allegations are, thus far, unsubstantiated.

Defense counsel's Affidavit likewise does not show an irreconcilable conflict. The

Affidavit points to a general disagreement over Defendant's continuing to file *pro se*

materials with the Court. (Dkt. 169.) This is not new for the Defendant who has previously

filed other similar *pro se* letters, motions, and requests in this case. (Dkt. 20, 21, 32, 33,

104.)[1] The Defendant's prior *pro se* letters raised similar arguments regarding defense

counsel as he has made in his latest filing. The Court has addressed these disputes. (Dkt.

22, 23, 34, 105-08, 110.) Specifically, the Court held a hearing on Defendant's *pro se*

request for new counsel prior to trial where the Defendant's concerns were resolved and

the Defendant asked that his current defense counsel be allowed to continue as his attorney.

(Dkt. 110.) The case proceeded to trial without any conflict between the Defendant and his

attorney. In light of this record, the fact that the Defendant has again made *pro se* filings

raising the same arguments as before does not give rise to an irreconcilable conflict

between he and his counsel. Furthermore, the Court, having viewed the trial first-hand,

finds defense counsel's performance at trial was intelligent, competent, and proficient.

Defense counsel was knowledgeable of the facts and discovery; conducted detailed and

thorough examinations of the witnesses; and presented a competent and well-articulated

---

[1] Defendant also filed *pro se* motions to dismiss the case prior to trial which the Court ruled
upon. (Dkt. 67, 68, 73, 102, 103, 109.)

trial strategy based on the facts and evidence available. The facts and evidence at trial simply were not in the Defendant's favor.

The Court finds the Defendant's other reasons for withdraw/removal of counsel – ineffective assistance of counsel, violation of discovery rights, belief that counsel is working with the Government, that counsel is a witness to the alleged perjury, intention to file a complaint with the Idaho State Bar – also do not evidence an irreconcilable conflict in this case. (Dkt. 168.) Again, many of these reasons were raised by the Defendant in his prior *pro se* filings and have been addressed. This filing is more of the same "general unreasonableness or manufactured discontent" by the Defendant; arguably for the purpose of delaying the sentencing hearing. Regardless, most of Defendant's arguments are matters to be raised in a post-conviction proceeding. The arguments concerning perjury, and as a consequence the issue of counsel as a potential witness, have been addressed and ruled upon. For these reasons, the Court finds no irreconcilable conflict has been shown that impedes upon the Defendant's Sixth Amendment right to effective and adequate representation at sentencing. Therefore, the Motions to Withdraw are denied. Current defense counsel will represent the Defendant at the sentencing hearing.

The Court further denies Defendant's request that counsel be appointed from out of state or out of the area; wherein Defendant offers to pay for half of the cost of new counsel. (Dkt. 168.) "A defendant who can hire his own attorney has a different right, independent and distinct from the right to effective counsel, to be represented by the attorney of his choice." *Rivera-Corona*, 618 F.3d at 979 (citing *United States v. Gonzalez-Lopez*, 548 U.S. 140, 147-48 (2006)). Here, as best the Court can tell, the Defendant is unable to fully retain

his own counsel and is eligible for and has been appointed competent CJA Counsel to represent him in this matter. As such, the Defendant has been afforded his right to appointment of adequate counsel, but is not entitled to counsel of his choice. *Id.*; *see also Caplin & Drysdale, Chtd. v. United States*, 491 U.S. 617, 624 (1989) ("those who do not have the means to hire their own lawyers have no cognizable complaint" under the Sixth Amendment "so long as they are adequately represented by attorneys appointed by the courts."); *see also United States v. Torres-Rodriguez*, 930 F.2d 1375, 1380 n. 2 (9th Cir. 1991) (An indigent defendant is not entitled to appointed counsel of choice.). Further, there has been no legitimate basis shown requiring appointment of an attorney from outside of the state or area in order to ensure Defendant will be adequately represented at his sentencing in this matter.

The Court also denies the Defendant's request to "stop the clock on all matters pending" or to otherwise delay sentencing in this matter. The Court has provided time and resources to be used to investigate the allegations of possible perjury at the trial. Thus far, there has been no basis or support presented to the Court to substantiate the allegations. Further, as the Court determined in its ruling on the Motions for New Trial and Acquittal, the unsubstantiated allegations of perjury, even if true, do not justify granting a new trial or acquittal. Therefore, all that remains in this case is the sentencing hearing.

The sentencing hearing will be reset for Tuesday, August 8, 2017 at 2:30 p.m. in Pocatello, Idaho. The initial Presentence Report was filed on April 4, 2017. Objections to the Initial Presentence Report shall be filed no later than July 10, 2017. The final

Presentence Report shall be filed on or before July 25, 2017. Any and all sentencing materials and/or motions shall be filed no later than July 31, 2017.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motions to Withdraw (Dkt. 168, 169) are **DENIED**.

IT IS FURTHER ORDERED that the Sentencing Hearing in this matter is reset for Tuesday, August 8, 2017 at 2:30 p.m. in Pocatello, Idaho. Objections to the initial Presentence Report are due on or before July 10, 2017. The final Presentence Report shall be due to the Court and counsel on July 25, 2017. Any sentencing materials shall be filed no later than July 31, 2017.

DATED: June 20, 2017

Edward J. Lodge
United States District Judge