UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ANTHONY ISH,<br><br>　　　　　　Defendant. | Case No. 4:15-cr-00119-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Anthony Ish's Motion requesting a 90 day continuance to file a § 2255. Dkt. 256. For the reasons outlined below, the Court finds good cause to DISMISS the motion.

## II. BACKGROUND

On October 4, 2017, Ish was sentenced to Life for the crime of Second Degree Murder, in violation of 18 U.S.C. § 1111, and 120 months incarceration for the crime of Assault with a Dangerous Weapon Committed within Indian Country, in violation of 18 U.S.C. § 113(a)(3). A Judgment was entered on October 5, 2017. Ish filed a timely appeal on October 11, 2017. On July 23, 2020, the Ninth Circuit Court of Appeals affirmed the District Court's sentence and the Mandate was issued on August 17, 2020.

### III. LEGAL STANDARD

Section 2255 provides that a defendant may file a motion for relief from a judgment of conviction within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A judgment of conviction becomes final when the Supreme Court "affirms [the] conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003).

### IV. DISCUSSION

Ish contends that he cannot meet the deadline to file his § 2255 Motion because the Bureau of Prisons has been on COVID-19 lockdown since March, 2020, and as of April, 2021, the Bureau of Prisons has slowly transitioned to modified operations which have allowed inmates very limited access to the law library. As such, he has not had the proper amount of time to do legal research to support his motion. Ish seeks an extension of 90 to 180 days to file his § 2255 Motion. This, given the circumstances, does not seem like an unreasonable request. The Constitution requires prisons and jails to provide prisoners with

reasonable access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). While there is no constitutionally mandated means by which prisons must provide access, at a minimum, prisons must provide prisoners the resources they need to "attack their sentences, directly or collaterally, and … to challenge the conditions of their confinement." *Lewis*, 518 U.S. at 355, 116 S.Ct. 2174.

However, most Circuits who have been faced with the question of whether under Article III they can hear motions for extension of time to file § 2255 motions unless the defendant files a § 2255 motion with the motion for extension of time, have held that the federal courts lack subject matter jurisdiction. *United States v. Marin-Torres*, 430 F. Supp. 3d 736, 739 (D. Or. 2020) (citing *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam); *United States v. Hernandez*, 431 F. App'x 813, 814 (11th Cir. 2011); *United States v. White*, 257 F. App'x 608, 609 (4th Cir. 2007); *United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. 2005); *United States v. Moore*, 56 F. App'x 686, 687 (6th Cir. 2003)). Only the Third Circuit has held that district courts have jurisdiction to hear this type of motion. *See United States v. Thomas*, 713 F.3d 165, 169 (3d Cir. 2013). This Court is persuaded by the reasoning and consensus among most of the Circuits and holds that because Defendant has not filed a § 2255 motion, the Court lacks subject matter jurisdiction to grant Ish an extension of time.

///
///
///
///

MEMORANDUM DECISION AND ORDER - 3

## IV. ORDER

IT IS HEREBY ORDERED that:

1. Anthony Ish's Motion requesting a 90 day continuance for filing a § 2255 (Dkt. 256) is DISMISSED for lack of jurisdiction.

DATED: July 19, 2021

_____
David C. Nye
Chief U.S. District Court Judge